## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

BENJAMIN F. LINDSEY,                    *

      Petitioner,            *
                             CASE NO. 7:00-CR-12 WLS

v.                                      *          28 U.S.C. § 2255
                           CASE NO. 7:08-CV-90032 WLS

UNITED STATES OF AMERICA,               *

      Respondent.            *

## <u>REPORT AND RECOMMENDATION</u>

A seventy-two count indictment returned in this court on May 16, 2000, charged Petitioner Benjamin Lindsey and other defendants with offenses related to the operation of a "Ponzi scheme to sell promissory notes with no source of income other than the investors' funds." *United States v. Cawthon*, No. 02-12360, slip op. at 2 (11th Cir. Aug. 6, 2003) (per curiam). Specifically, Petitioner Benjamin Lindsey was charged in Count One with Conspiracy to Defraud, Counts Two through Ten and Counts Thirty-six through Forty with Mail Fraud, Counts Eleven through Twenty-three and Counts Forty-one through Forty-seven with Wire Fraud, Counts Twenty-four through Thirty-five and Counts Forty-eight through Fifty-one with Securities Fraud, and Count Fifty-two with Conspiracy to Launder the Proceeds of an Unlawful Activity. (Doc. 457, p. 2). Petitioner Benjamin Lindsey was arraigned on May 31, 2000 and pled not guilty. (Doc. 8). Petitioner, along with his co-defendants, was tried from January 22, 2002 to January 31, 2002, and found guilty on all counts charged. (Doc. 220). On April 4, 2002, Petitioner was sentenced to a total term of

imprisonment of 210 months, to be followed by three years of supervised release, and was ordered to pay restitution in the amount of $2,157,776.06.  (Doc. 255).

Petitioner Benjamin Lindsey timely appealed his conviction, which was affirmed by the  United States Court of Appeals for the Eleventh Circuit on August 6, 2003, except for remand for re-sentencing as to Count Fifty-two.  (Docs. 317, 347).   Petitioner was re-sentenced on Count Fifty-two ultimately to the same total term of imprisonment of 210 months, three years of supervised release, and restitution in the amount of $2,157,776.06. (Doc. 329).  Petitioner appealed his re-sentencing, with the Circuit Court affirming the same on October 13, 2006. (Doc. 391).  Thereafter, on May 27, 2008, Petitioner filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docs. 436, 439, 455).

## Discussion of Petitioner's Claims[1]

Petitioner has made several claims of ineffective assistance of counsel.  (Doc. 463). To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound

---

[1]The issues presented in Petitioner's Motion and Brief were not clearly delineated, and the court will attempt to address each in turn per Petitioner's intent.

trial strategy. *Chateloin v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Fla. Dep't of Corr.,* 290 F.3d 1318 (11th Cir. 2002).  To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different.  *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000); *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995).  If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir. 1984).   The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. . . . When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992).

Petitioner has also alleged several claims of ineffective assistance of counsel as to

counsel's representation of him on appeal.  (Doc. 463).  The Eleventh Circuit Court of Appeals has held that the *Strickland* standard applies to ineffective assistance of appellate counsel claims.  *Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992).   To prevail on such claims, a Petitioner must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. *Id.*

**I.    Petitioner was deprived of the effective assistance of counsel when his trial counsel failed to raise a constitutional challenge to the ambiguity of the substantive portion of Count 52.**

> **(1)    Petitioner was prosecuted and convicted for the total gross amount of funds involved in the illegal activity.**

> **(2)    Trial and Appellate Counsel were constitutionally deficient and ineffective by failing to file a challenge to the ambiguity in the statute under which Petitioner was prosecuted.**

> **(3)    *Santos*, *supra* is retroactive and should be applied to Petitioner's 18 U.S.C. § 2255 Motion.**

In each of these claims, Petitioner appears to contend that his counsel was ineffective for failing to object the ambiguity of the term "proceeds" as applied in 18 U.S.C. § 1956. Specifically, he states in his brief "The constitutional challenge Counsel should have made was to the Government prosecuting Petitioner for the full amount of the receipts of the criminal activity rather than for the profits derived from the activity as decided by the United States Supreme Court in *United States v. Santos*, *et al.*, 553 U.S. ___ (2008)." (Doc.  463, p. 7).  In *Santos,* the Court weighed "whether the term 'proceeds' used in the federal money-laundering statute, 18 U.S.C. § 1956(a)(1), referred to 'receipts' or 'profits.' " 128 S. Ct. at

4

2022. At issue in *Santos* was an illegal gambling operation, and the defendant was convicted of money laundering in violation of 18 U.S.C. § 1956. *See id.* at 2022-23.  A plurality of the Justices found that the term "proceeds" was ambiguous and, applying the rule of lenity, concluded that the term  means "profits," and not "gross receipts." *See id.* at 2023-25. Under the plurality's view, "to establish the proceeds element under the 'profits' interpretation, the prosecution needs to show ... that a single instance of specified unlawful activity was profitable and gave rise to the money involved in a charged transaction." *Id.* at 2029.

Carefully analyzing the Supreme Court's decision in *Santos*, the Eleventh Circuit Court of Appeals upheld the conviction and sentence of a defendant who was convicted of money laundering in violation of 18 U.S.C. § 1956, holding that:

> *Santos* has limited precedential value. Three parts of Justice Scalia's four-part opinion are for a plurality of justices, and those parts do not state a rule for this case. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds....' "  The narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not "proceeds" under section 1956, but there is no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation. The evidence instead established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking.

*United States v. Demarest,* 570 F.3d 1232, 1242 (11th Cir. 2009).  The Eleventh Circuit rejected Demarest's argument that he did not launder "proceeds" of illegal activity, because the monies at issue were the "receipts" from the sale of a yacht, not profits.  The Court

further found that because *Santos* was decided by a plurality of the Supreme Court, its narrow holding regarding proceeds applied only to cases involving gambling operations, and not, as in that case, drug trafficking.

Of note, but not relevant to Petitioner's case, is that on May 20, 2009, President Obama signed into law the Fraud Enforcement and Recovery Act of 2009 ("FERA"), which, in relevant part, amends 18 U.S.C. § 1956 by adding subsection (c)(9) to define proceeds as "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." 18 U.S.C. § 1956(c)(9); Pub. L. No. 111-21, § (2)(f)(1) (May 20, 2009). The FERA legislation has effectively overruled the plurality decision in *Santos*, and any prior ambiguity as to the meaning of "proceeds" has now been resolved. Therefore, under all circumstances, Petitioner's claim that the holding in *Santos* rendered his conviction null and void is incorrect, and his claims that his counsel was ineffective for failing to raise any issue relating to *Santos*, must fail.

## II.   (Issues I-V, IX, X) Trial Counsel was ineffective for failing to raise 18 U.S.C. § 3581 Sentencing Violations.

In his next several claims of error, Petitioner appears to argue that his counsel was ineffective for failing to object at sentencing to what he contends was a violation of 18 U.S.C. § 3581. (Doc. 463, p. 14-17, 20).

However, as was unequivocally stated *supra*, the maximum sentence for a violation of 18 U.S.C. § 1956, which Petitioner was convicted of violating, is twenty years in prison. Furthermore, as the Respondent correctly notes, any reference to 18 U.S.C. § 3581 indicates

that a violation of § 1956 is a Class B felony, authorizing a sentence of not more than twenty-five years.  Because Petitioner's sentence was for 210 months (17.5 years) there is no violation of § 3581.  It follows, then, that his counsel was not ineffective for failing to raise a meritless claim.

### III.   (Issues VI and XI) Trial and Appellate Counsel were ineffective for failing to raise any *Booker* Sentencing Violations.

Next, Petitioner argues that trial counsel and appellate counsel were ineffective for failing to object to the trial court's sentencing error pursuant to *Booker v. United States,* 543 U.S. 220 (2005).  (Doc. 463, p. 18).   A review of the record indicates that the *Booker* issue was raised by Petitioner on appeal and determined by the appellate court to be harmless.  *See United States v. Lindsey,* 200 F. App'x 902 (11th Cir. 2002).

Under the law of the case rule, the district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowan,* 633 F. 2d 1034, 1035 (11th Cir. 1981).  "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under § 2255." *United States v. Natelli,* 553 F.2d 5, 7 (2d Cir. 1977).   A rejected claim does not merit rehearing on a mere *re-characterization* of the prior claim, or on a different, but previously available, legal theory.  *Cook v. Lockhart,* 878 F. 2d 220, 222 (8th Cir. 1989); *see also United States v. Nyhuis,* 211 F.3d 1340 (11th Cir. 2000).

### IV.   (Issues VII and VIII) Trial Counsel was ineffective for failing to object to the Restitution order.

Petitioner's next issue claims that his counsel was ineffective for failing to object to

the amount of restitution he was ordered to pay and that amount was determined. (Doc. 463, p. 19).   The Eleventh Circuit Court of Appeals has held, however, that a *pro se* federal prisoner may not utilize § 2255 Motion to vacate sentence to challenge his restitution order. *Mamone v. United States,* 559 F.3d 1209, 1211 (11th Cir. 2009). Therefore, Petitioner's claim must fail.

## VI.   (Issue XII and XIII) Trial Counsel was ineffective for failing to raise *Apprendi* Sentencing Violations.

Petitioner next argues that his counsel was ineffective for failing to raise any *Apprendi* violation claims after his first sentencing. (Doc. 463, p. 22,23).   In his charge to the jury, the court specifically referenced the charge of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and the jury convicted Petitioner of the same.   Petitioner appealed his conviction and the Eleventh Circuit Court of Appeals remanded the case for re-sentencing "where the district court failed to find beyond a reasonable doubt which offense in the multiple-count indictment the defendants conspired to commit." (Doc. 446-3, p. 12).   At his resentencing, the court specified that it found that the defendants "conspired to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A).   That violation was an object of Count 52 which charged a conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h)."  (Doc. 342).

After his re-sentencing, Petitioner filed a second appeal to the Eleventh Circuit, wherein he first alleges a violation of *Apprendi.  See United States v. Lindsey,* 200 F. App'x. 902 (11th Cir. 2002).  The appellate court determined that "the defendants did not raise any

*Apprendi* arguments at their initial sentencing hearing even though such arguments were available to them.  Accordingly, the defendants have waived their ability to raise *Apprendi* error in this appeal . . . ." *Id.*

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.  *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001); *Jones v. United States,* 153 F.3d 1305, 1307 (11th Cir. 1998).  This rule generally applies to all claims, including constitutional claims.  *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994) ("Where the petitioner – whether a state or federal prisoner – failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation.").

> A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule.  Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error.  *Brousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 1611(1998); *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994).
> . . .
>   In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all.  *See, e.g., Smith v. Murray,* 477 U.S. 527, 534, 106 S.Ct. 2661, 2666 (1986); *McCoy v. Newsome,* 953 F.2d 1252, 1258 (11th Cir. 1992). . . . *See Smith v. Jones,* 256, F.3d 1135, 1145 (11th Cir. 2001)(noting "that 'the existence of cause for a procedural default must ordinarily turn on whether a prisoner can show that some objective factor external to the

> defense impeded counsel's efforts to comply with the procedural
> rule' " (quoting *Murray v. Carrier,* 477 U.S. at 488, 106 S. Ct.
> at 2645)); *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir.
> 2001).

*Lynn v. United States,* 365 F.3d 1234, 1235 (11th Cir. 2004).

Assuming arguendo that *Apprendi* does apply to Petitioner's § 2255 action, its provisions are limited to sentences which exceed the statutory maximum. *Apprendi,* 530 U.S. at 487 n.13. The statutory maximum sentence for a violation of 18 U.S.C. § 1956 is twenty years (240 months). In this case, Petitioner was re-sentenced to 210 months, a sentence which was affirmed by the Eleventh Circuit. In other words, Petitioner Lindsey's sentence did not exceed the maximum authorized by the jury verdict; thus, there was no *Apprendi* violation. It follows that counsel could not have rendered ineffective assistance by failing to raise what would have ultimately been a meritless *Apprendi*-based claim. Accordingly, Petitioner is procedurally barred from raising said claim in his § 2255 motion, and his assertion that his counsel was ineffective for failing to raise possible violations of *Apprendi* must fail.

## VII.   Pending Motions

Petitioner has filed motions in this case which are pending, including a Motion for Evidentiary Hearing (Doc. 463, p. 28) and two Motions to Unseal Transcript of Hearing. (Docs. 521, 552).

The district court need not hold an evidentiary hearing every time a section 2255 claim of ineffective assistance is raised. "A hearing is not required on patently frivolous

claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the Petitioner's allegations are affirmatively contradicted in the record." *Holmes v. United States*, 876 F. 2d 1545, 1553 (11th Cir. 1989).

In his Motions to Unseal Transcript of Hearing, Petitioner moves the court to provide him copies of a pre-trial conference from September 14, 2000 so that he may argue that his counsel had a conflict of interest.  (Docs. 521, 552).  Because the court denied Petitioner's out of time attempt to amend his § 2255 Motion, those claims were not allowed and the request became moot.

Therefore, it is recommended that any pending motions in this case be DENIED.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Lindsey's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 19th day of March, 2010.

S/ G. MALLON FAIRCLOTH
 UNITED STATES MALLON FAIRCLOTH

eSw

11